UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT, SUSAN L. BREINHOLT, aka THE BREINHOLT FAMILY FOUNDATION,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>POPULAR WAREHOUSE LENDER; TITLE ONE CORP d.b.a. PRIORITY FINANCIAL INC dba PRIORITY FUNDING; TRANSNATION TITLE & ESCROW; ONEWEST BANK; INDYMAC FEDERAL BANK; MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); TRI-COUNTY PROCESS SERVING; PIONEER LENDER TRUSTEE SERVICES LLC. dba; REGIONAL TRUSTEE SERVICES CORP; ADA COUNTY SHERIFF, and Deputies; TONY A REEVES, escrow officer, Fidelity National Title Company OfIdaho; PETER FROST, rndymac Federal Bank, Loss, Mitigation; EDWARD CHOI, Regional Trustee Services; ERICA JOHNSON-SECK, vice president; OneWest Bank; BECKY NORTH, Vice President MERS and INDYMAC FEDERAL BANK; UNKNOWN 1-TO-20 JOHN&JANE DOES<br><br>　　　　　　Defendants. | Case No. 1:10-CV-587-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it *pro se* Plaintiffs' Motion for Preliminary Injunction (Dkt. 2). The Complaint and motion were filed on November 26, 2010, but there is no certificate of service indicating that the Complaint or the motion have been served on Defendants.

# BACKGROUND

Plaintiffs borrowed $1,386,000 from Defendant Priority Financial, Inc. *Compl*. ¶ 3.5. The note was secured by a deed of trust encumbering real property located at 2575 Tanglerose Place in Eagle, Idaho. Plaintiffs apparently stopped making payments on the loan in June 2008, and the residence was sold to Defendant OneWest Bank, FSB for $576,087.26, on January 8, 2010. *Compl.* ¶ 3.09. Plaintiffs claims "[t]he residence [sic] are being ejected on November 29, 2010..." *Id.* ¶ 13.4.

Plaintiffs filed this lawsuit on November 26, 2010 against over fifteen defendants, alleging federal and state law claims arising from Defendants' allegedly wrongful acts in conjunction with the mortgage and foreclosure of the Tanglerose Place property. *Compl.*, Dkt. 1. Plaintiffs now seek to enjoin Defendants "from pursuing eviction or from further conveying the property at issue." *Plaintiffs' Br.* at 6, Dkt. 2.

# ANALYSIS

A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in

the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008); *see also Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).  A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction.  *Id.*  A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id.* at p. 376.  In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at p. 376.

A "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  And a court may issue a temporary restraining order without notice *only* if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, Plaintiffs have failed to articulate specific facts showing that they will suffer immediate and irreparable injury before Defendants can be heard in opposition.  Plaintiffs claim "[t]he residence [sic] are being ejected on November 29, 2010 if the Court does not grant the Temporary Restraining Order (TRO) or preliminary injunction pending the resolution of this action." *Compl.* ¶ 13.4.  However, Plaintiffs do not reside at 2575 Tanglerose.  *Id.* ¶ 2.1 ("Plaintiffs....currently reside at 1976 STAR LANE in Meridian, Idaho.").  Instead, the record suggests that the Tanglerose residence is an investment

property. *June 26, 2009 R. Breinholt Email*, Dkt. 1-2 at 13. Thus, Plaintiffs do not face the loss of their home but rather only face financial injury, "which is compensable in large part, if not entirely, in damages." *Geneva Ltd. Partners v. Kemp*, 779 F.Supp. 1237, 1241 (N.D.Cal. 1990).

"Mere financial injury ...will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Id.* (quoting *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984). Accordingly, the possibility of irreparable harm to plaintiffs is at best remote.

Also, Plaintiffs' motion does not mention any efforts they took to give Defendants notice and the reasons why notice is not required.

Plaintiffs therefore have not satisfied the requirements of Rule 65(b)(1).

## ORDER

IT IS ORDERED that the motion for a temporary restraining order (Docket No. 2) is DENIED and the motion for a preliminary injunction (Docket No. 2) will be ruled upon only after the motion has been fully briefed.

IT IS FURTHER ORDERED that Plaintiffs shall serve the Complaint, a copy of all pleadings filed thus far and a copy of this Memorandum Decision and Order on all Defendants on or before December 20, 2010.

DATED: **November 29, 2010**

B. LYNN WINMILL
Chief Judge U.S. District Court