# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT, SUSAN L. BREINHOLT, aka THE BREINHOLT FAMILY FOUNDATION,<br>                  Plaintiffs,<br><br>vs.<br><br>POPULAR WAREHOUSE LENDER; TITLE ONE CORP d.b.a. PRIORITY FINANCIAL INC dba PRIORITY FUNDING, TRANSNATION TITLE & ESCROW; ONEWEST BANK; INDYMAC FEDERAL BANK; MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); TRI-COUNTY PROCESS SERVING; PIONEER LENDER TRUSTEE SERVICES LLC dba; REGIONAL TRUSTEES SERVICES CORP; ADA COUNTY SHERIFF, and Deputies; TONYA REEVES, escrow officer, Fidelity National Title Company of Idaho; PETER FROST, Indymac Federal Bank, Loss, Mitigation; EDWARD CHOI, Regional Trustee Services; ERICA JOHNSON-SECK, vice president; OneWest Bank; BECKY NORTH, vice president MERS and INDYMAC FEDERAL BANK; UNKNOWN 1-TO-20 JOHN&JANE DOES<br>                  Defendants. | CASE NO.: 10-CV-587-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are numerous motions filed by the parties. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Background

Plaintiffs Richard Breinholt and Susan Breinholt (collectively referred to as "the Breinholts") and the Breinholt Family Foundation filed their complaint on November 26, 2010 against the following defendants: Popular Warehouse Lender, Title One Corp d.b.a. Priority Financial Inc. dba Priority Funding, Transnation Title & Escrow, OneWest Bank, Indymac Federal Bank, Mortgage Electronic Registration Systems ("MERS"), Tri-County Process Serving, Pioneer Lender Trustee Services LLC, dba, Regional Trustee Services Corp, Ada County Sheriff and Deputies, Tonya Reeves (escrow officer for Fidelity National Title Company of Idaho), Peter Frost (Indymac Federal Bank. Loss Mitigation), Edward Choi (employee of Regional Trustee Services), Erica Johnson-Seck (Vice President OneWest Bank), Becky North (Vice President MERS and Indymac Federal Bank) and John Does. To date, not all the Defendants have appeared.

The Breinholts filed this action as pro se litigants. The Breinholt Family Foundation is listed as a plaintiff but in reviewing the Complaint, the Court finds no allegations related to actions or inactions committed by the Defendants against the Breinholt Family Trust. Moreover, the Breinholt Family Foundation is an entity and cannot appear pro se, but must be represented by an attorney. Dist. Idaho Loc. Civ. R. 83.4:

> **(d) Appearance by Entities Other Than an Individual.** Whenever an entity other than an individual desires or is required to make an appearance in this Court, the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules.

The Court has checked its record of attorneys admitted to practice in the District of Idaho and neither Richard or Susan Breinholt are licensed attorneys admitted to practice in federal court in Idaho. Therefore, the Court will give the Breinholt Family Foundation twenty (20) days to retain counsel to represent its interests in this litigation. Failure for counsel to appear on behalf of the Breinholt Family Foundation will result in the dismissal of its claims without prejudice.

It appears from the pleadings the Complaint appears to allege a violation of the Fair Debt Collections Act as well as other federal foreclosure statues. The Breinholts allege they built the residence at 2575 North Tanglerose Place, Eagle, Idaho in May 2007 resulting in a mortgage on the real property in the amount of approximately $1,385,000. Due to the failure of certain investments, the Plaintiffs were unable to make the requisite payments on their loan in November of 2007. Plaintiffs allege they tried to arrange a loan modification and get their lender to approve short sale offers to purchase the property, but the lender sold the property to OneWest Bank for approximately $576,000.

Plaintiffs claim in 2009 they discovered certain irregularities regarding the loan and the sale and claim the actions of the Defendants caused Plaintiffs to suffer economic losses even before the housing market crash occurred. Specifically, Plaintiffs appear to claim Defendants breached fiduciary duties, violated the Truth in Lending Act ("TILA"), violated Idaho deeds of trust act, violated the Real Estate Settlement Procedures Act ("RESPA"), the Consumer Protection Act, caused intentional infliction of emotional distress, caused negligent infliction of emotional distress, misrepresentation by trustee, and unlawful ejection from the real property.

**ORDER - 3**

Defendants Title One Corporation, OneWest Bank, Transnation Title & Escrow, Inc., Tri-County Process Serving, LLC, and Erica Johnston-Seck have all filed motions to dismiss the Complaint against them. Plaintiffs did not file a reply to any of the motions to dismiss. Plaintiffs did file a motion to stay the action on February 3, 2011 due to a motion to consolidate this case with the Breinholts other federal district court case, civil case no. 10-466-S-EJL.

## Standard of Review for Motions to Dismiss

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments. *See United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. *See Jacobsen v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

But as *Branch* makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 453.

The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Plaintiffs that pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "Persons appearing without attorneys are required to become familiar with and comply with all Local Rules of this District, as well as the Federal Rules of Civil and /or Criminal Procedure. In exceptional circumstances, the Court may modify these provisions to serve the ends of justice." Dist. Idaho Loc. Civ. R. 83.7.

A federal court may take judicial notice of state court proceedings that are of public record and consider such proceedings without converting a motion to dismiss into a motion for summary judgment. *United States v. 14.02 Acres of Land More or Less in*

**ORDER - 5**

*Fresno county*, 547 F.3d 943, 955 (9th Cir. 2008). The court may also consider recorded real estate documents without converting the motion to a motion for summary judgment. *United States v. Richie*, 342, F.3d 903, 907-08 (9th Cir. 2003).

Because the Plaintiffs did not file a response to any of the motions to dismiss and were sent multiple "Notices to Pro Se Litigants of the Summary Judgment Rule Requirement," the Court may deem the failure to respond as consent to granting of the motion to dismiss. Dist. Idaho Loc. Civ. R. 7.1. A motion to dismiss can be granted for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* at 53 citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Analysis

1. Tri-County Process Serving, LLC's Motion to Dismiss

Defendant Tri-County Process Serving, LLC ("Tri-County") moves the Court to dismiss the action based on Plaintiffs' failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Tri-County also alleges Plaintiffs fail to allege any facts about how Tri-County was involved in any of the loan or foreclosure process that would subject Tri-County to liability. Tri-County admits it served the Notice

of Sale on the Plaintiffs and cried the foreclosure sale. The foreclosure sale was postponed several times without any action or decisions from Tri-County. Plaintiffs did not file a response to the motion to dismiss.

In applying the *Ghazali* dismissal factors to the present case, the Court finds the claims raised in the Complaint are not based on action or failure to act by the process server. Naming Tri-County as a Defendant is frivolous and without merit. It appears the Plaintiffs are attempting to harass a party they know was not involved in the decisionmaking process on their loan and foreclosure proceedings. It is in the public's interest to have meritless claims dismissed in a timely manner and there does not appear to be a less drastic sanction for Plaintiffs naming Tri-County as a defendant. Furthermore, the Plaintiffs have not responded to the insufficient service argument raised by Tri-County. For these reasons, Tri-County's motion to dismiss will be granted.

2. OneWest Bank, FSB's Motion to Dismiss

Defendant OneWest Bank, FSB ("OneWest") moves to dismiss the Plaintiffs' Complaint due to Plaintiffs' failure to state a claim upon which relief can be granted as the claims against OneWest have previously been resolved in an action in state court so the present claims are barred under the doctrine of *res judicata*. Plaintiffs did not respond to this motion.

It is undisputed that Plaintiffs' claims against OneWest in this lawsuit are the same or similar claims that were raised and dismissed with prejudice in the Ada County case, civil case no. CV-OC-2009-14820 wherein the Plaintiffs sued Indymac Federal Bank

**ORDER - 7**

FSB, Erica Johnson-Seck, MERS, Becky North, OneWest Bank, Pioneer Lender Trustee Services LLC Priority Financial Inc, Regional Trustee Services Corporation, Robinson Tait P.S., Jennifer Tait, Title One Corporation, Tri-County Process Serving LLC. The state court judge granted summary judgment in favor of the named defendants. Plaintiffs appealed to the Idaho Supreme Court on September 8, 2010. On November 23, 2010, the appeal was dismissed. On November 26, 2010, Plaintiffs filed the above-entitled action in federal court (Dkt. No. 1).

The Court adopts the factual background set forth in OneWest's motion regarding the Plaintiffs' financing of their home with Indymac, the Breinholts' undisputed default on the obligations of their loan and Indymac assigned its interest to OneWest in January 2010. The Court also adopts OneWest's summary of the claims of the related state court action set forth in the motion to dismiss.

The Court finds the three requirements of *res judicata* are satisfied in this action: party identity, identity of issues and a final judgment. *Farmers Nat'l Bank v. Shirey*, 878 P..2d 762, 767 (1994). Any new allegations or claims of recovery could have and should have been raised by Plaintiffs in their state court action. *Independence Lead Mines, Inc. v. Hecla Mining Co.*, 2007 WL 2769621 at *7-8 (D. Idaho 2007). Further, any claims pursuant to TILA are barred by the applicable statute of limitations. 15 U.S.C. § 1604(e). As to the claims for fraud, breach of fiduciary duty, violation of Fair Debt Collections Act, intentional and/or negligent infliction of emotional distress, the Court finds Plaintiffs have not provided legal authority to be able to recover on these claims since the TILA claims are time barred and the Breinholts' default on the

**ORDER - 8**

underlying note for the Tanglerose property is undisputed. While the Breinholts may have liked Indymac and OneWest to work with them on modifying their obligations, the fact remains the Breinholts point to no statutory authority that the Defendants had a legal obligation to take the action requested by the Breinholts.

In reviewing the record in this matter, the Court acknowledges the Breinholts' frustration in trying to work out a solution, but when the Breinholts' investments failed to provide them with the necessary monthly income to make their loan payments, the lender was entitled to take action to foreclose the property and sell it to another party. Unfortunately, the failure of the Breinholts' investments in 2007 combined with the housing market crash in 2008, created the perfect storm for a low selling price on the Tanglerose property and a lack of incentive on the lenders' parts to grant a modification of the loan. Just because, the state court action was dismissed with prejudice, does not create new rights for the Plaintiffs to seek a different outcome on their claims in federal court if such claims have been or should have been raised in the state court action.

In applying the *Ghazali* dismissal factors to this case because the Breinholts did not respond to the motions to dismiss, the Court finds all the factors weigh in favor of dismissing the action. The public interest in an expeditious resolution of the litigation is important in this case so the title is clear as to the Tanglerose property and litigants who have had their day in court in state court do not get to re-litigate the same issues in federal court. The Court needs to manage its docket and Plaintiffs have not provided any reason for this Court not to grant the motions to dismiss certain Defendants. There is risk of prejudice to the Defendants if the doctrine of res judicata is not fairly applied by the

**ORDER - 9**

courts and Plaintiffs have had the opportunity for a disposition on the merits when it filed the state court case regarding this property. Finally, the Court is not aware of less drastic sanctions that Plaintiffs are entitled to as a matter of law.

Accordingly, the Court finds claims in this federal action against all defendants named in the state court action are dismissed from the federal action: Indymac Federal Bank FSB, Erica Johnson-Seck, MERS, Becky North, OneWest Bank, Pioneer Lender Trustee Services LLC Priority Financial Inc, Regional Trustee Services Corporation, Robinson Tait P.S., Jennifer Tait, Title One Corporation, Tri-County Process Serving LLC. Based on this ruling the Court need not address the other motions to dismiss filed by defendants who were also named in the state court action.

5. The Breinholts' Motion to Stay

On February 9, 2011, the Breinholts filed a motion to stay this action based on the motion to consolidate they filed in their other federal court action, civil case no. 10-466-S-EJL. Based on the rulings on the motions to dismiss the motion for a stay is moot. Moreover, the motion to consolidate has been denied in the related case as the cases involve different parcels of real property and different loans and foreclosure proceedings.

Order

Being fully advised in the premises, the Court hereby orders:

1) Tri-County Process Serving, LLC's motion to dismiss (Dkt. No. 40) is GRANTED and Tri-County is DISMISSED FROM THIS ACTION.

**ORDER - 10**

2) OneWest Bank FSB's motion to dismiss (Dkt. No. 35) is GRANTED and the following defendants are DISMISSED FROM THIS ACTION: Indymac Federal Bank FSB, Erica Johnson-Seck, MERS, Becky North, OneWest Bank, Pioneer Lender Trustee Services LLC Priority Financial Inc, Regional Trustee Services Corporation, Robinson Tait P.S., Jennifer Tait, Title One Corporation, Tri-County Process Serving LLC.

3) Defendant Transnation Title & Escrow, Inc.'s motion to dismiss (Dkt. No. 39) is GRANTED.

4) Defendant Title One Corporation's motion to dismiss (Dkt. No. 19) is GRANTED.

5) Defendant Erica Johnson-Seck's motion to dismiss (Dkt. No. 42) is GRANTED.

6) The Breinholts' motion to stay (Dkt. No. 44) is DENIED AS MOOT.

7) Plaintiff Breinholt Family Foundation has twenty (20) days from the date of this Order to retain counsel to represent its interests in this litigation. Failure for counsel to appear on behalf of the Breinholt Family Foundation will result in the dismissal of its claims without prejudice.

DATED: **February 18, 2011**

Honorable Edward J. Lodge
U. S. District Judge