UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT AND SUSAN L. BREINHOLT,<br><br>         Plaintiffs,<br>   v.<br><br>POPULAR WAREHOUSE LENDER; TITLE ONE CORP d.b.a. PRIORITY FINANCIAL INC dba PRIORITY FUNDING, TRANSNATION TITLE & ESCROW; ONEWEST BANK; INDYMAC FEDERAL BANK; MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS); TRI-COUNTY PROCESS SERVING; PIONEER LENDER TRUSTEE SERVICES LLC dba; REGIONAL TRUSTEES SERVICES CORP; ADA COUNTY SHERIFF, and Deputies; TONYA REEVES, escrow officer, Fidelity National Title Company of Idaho; PETER FROST, Indymac Federal Bank, Loss, Mitigation; EDWARD CHOI, Regional Trustee Services; ERICA JOHNSON-SECK, vice president; OneWest Bank; BECKY NORTH, vice president MERS and INDYMAC FEDERAL BANK; UNKNOWN 1-TO-20 JOHN&JANE DOES,<br><br>                    Defendants. | Case No. 10-cv-00587-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiffs' "Verified Motion for Hearing to Determine the Court's Jurisdiction Pursuant to FRCP 60(b)(2)(3)(6)." *See* Dkt. 56.[1]  Additionally, defendants Tri-County Process Serving LLC and Transnation Title & Escrow have renewed their previously filed motions for attorneys' fees, which this Court denied without prejudice. *See* Dkts. 58, 59.  For the reasons explained below, the Court will deny all pending motions.

## PLAINTIFFS' MOTION FOR RULE 60(b) RELIEF

In February 2011, this Court dismissed nearly all the defendants from this action. *See Feb. 18, 2011 Order*, Dkt. 46, at 11.[2]  Plaintiffs seek relief from this Court's dismissal order under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a court to relieve a party from a final judgment, order or proceeding for various reasons, including the following:

- newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

- fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

- any other reason that justifies relief.

---

[1] Plaintiffs, who represent themselves in this action, also filed a "Response to Defendants Transnation Motion to Dismiss." Dkt. 62.  The Court treated this document as a memorandum supporting plaintiff's motion, and considered it in issuing this ruling.

[2] The only defendants not dismissed are those identified in the caption as "Ada County Sheriff, and Deputies."  Pursuant to Local Rule 41.1, the Court has notified plaintiffs that these defendants will be dismissed within 15 days based upon plaintiffs' failure to prosecute these defendants and for failing to show proper service.  *See Notice of Dismissal,* entered concurrently with this Order.

Fed. R. Civ. P. 60(b)(2), (3), and (6). Plaintiffs say they are entitled to Rule 60(b) relief for all these reasons, yet they have not specifically explained why this is so. Instead, they focus almost exclusively on their argument that the defendants wrongfully initiated foreclosure proceedings. Plaintiffs' ultimate goal is for this Court to conduct a hearing and require the defendants to prove who, if anyone, has the right to foreclose.

Plaintiffs' arguments are deficient for at least two reasons. First, they are not tethered to Rule 60(b). Second, they are foreclosed by the doctrine of *res judicata*. The Court previously dismissed all of Breinholt's claims under this doctrine because plaintiffs' claims have already been litigated in state court. The Breinholts cannot seek a different result here.

Plaintiffs have put forth two exhibits that post-date the state court foreclosure proceedings. *See Exhibits A and B to Breinholt Aff.*, Dkt. 56-2, 56-3. These documents, however, are not the type of newly discovered evidence that suffices to upset the Court's previous dismissal order. Among other things, the exhibits have no bearing on the *res judicata* concerns that prompted dismissal of the Breinholt's action. Broadly speaking, plaintiffs offer these documents to support their argument that their property cannot be foreclosed upon. Again, this argument was litigated in state court, and cannot be re-litigated here. In sum, plaintiffs' request for Rule 60(b) relief lacks merit and will be denied.

**MOTION FOR ATTORNEYS' FEES AND ENTRY OF JUDGMENT**

The Court will not direct entry of judgment at this time, however, because the case has not yet been dismissed as to the "Ada County Sheriff, and Deputies." Federal Rule of Civil Procedure 54(b) permits entry of a separate judgment in these situations, but only upon the Court's express determination "that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Court is concerned that if it enters a separate judgment now, the appellate court might be burdened with separate appeals. The better course is to enter judgment only when this case is over as to all defendants

The Court will deny defendants Tri-County and Transnation's renewed attorneys' fee motions without prejudice. Tri-County and Transnation originally filed these motions shortly after the Court granted their motions to dismiss. *See* Dkts. 47, 51. The Court denied these motions without prejudice. The Court expressly warned plaintiffs that if they caused Tri-County or Transnation to incur "*further* attorneys' fees in this action," through frivolous filings, the Court would grant Transnation and Tri-County leave to file "*second* motions for attorneys fees." *Dec. 6, 2011 Order,* Dkt. 55, at 2-3 (emphasis added).

The Court was concerned with precisely what happened here – that plaintiffs might cause these defendants to incur additional fees in the future. But the motions before the Court do not show what *additional*, post-dismissal fees have been incurred. Instead, these defendants just pointed to pre-dismissal fees. The Court will therefore deny the motions, although it will again do so without prejudice. Tri-County and Transnation may re-file

their attorneys' fees motions, but they should support them with affidavits showing what fees were incurred after dismissal, in connection with plaintiffs' Rule 60(b) motion.

## ORDER

1. Plaintiffs' "Verified Motion for Hearing to Determine the Court's Jurisdiction Pursuant to FRCP 60(b)(2)(3)(6)" (Dkt. 56) is **DENIED.**

2. Defendant Tri-County's Renewed Motion for Attorneys' Fees and Motion for Entry of Judgment (Dkt. 58) is **DENIED WITHOUT PREJUDICE**.

3. Defendant Transnation's Renewed Motion for Attorney' Fees (*see* Dkts. 47, 57) is **DENIED WITHOUT PREJUDICE.**

DATED: May 2, 2012

Honorable Edward J. Lodge
U. S. District Judge