UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD W. BREINHOLT, and SUSAN L. BREINHOLT, a.k.a., THE BREINHOLT FAMILY FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>POPULAR WAREHOUSE LENDER, TITLE ONE CORP., d.b.a. PRIORITY FINANCIAL INC., d.b.a. PRIORITY FUNDING TRANSNATION BANK, INDYMAC FEDERAL BANK, MORTGAGE ELECTRONIC REGISTRATION SERVICES (MERS), TRI-COUNTY PROCESS SERVING, PIONEER LENDER TRUSTEE SERVICES LLC, d.b.a. REGIONAL RTUSTEES SERVICES CORP, ADA COUNTY SHERIFF AND DEPUTIES, TONYA REEVES, FIDELITY NATIONAL TITLE COMPANY OF IDAHO, PETER FROST, EDWARD CHOI, ERICA JOHNSON-SECK, ONEWEST BANK, BECKY NORTH, and DOES 1-20,<br><br>Defendants. | Case No. 1:10-cv-00587-EJL-LMB<br><br>**REPORT AND RECOMMENDATION** |

**REPORT AND RECOMMENDATION - 1**

This matter comes before the Court on the following motions:  (1) Defendant Transnation Title and Escrow's Second Motion for Attorney Fees (Dkt. 65), and (2) Plaintiffs' Motion to File an Amended Complaint (Dkt. 82).  In the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve the motions without a hearing. After carefully reviewing the record, the briefing of the parties, and being otherwise fully advised, the Court enters the following recommendation that the District Court grant Defendant Transnation's Motion for Attorney Fees.  The Court further recommends that Plaintiffs' Motion to File an Amended Complaint be denied.

## BACKGROUND

On February 22, 2011, the presiding judge granted Defendant Transnation's Motion to Dismiss. (Dkts. 39 & 46).  Shortly thereafter, Transnation lodged a Motion for Attorney's Fees with the District Court.  (Dkt. 47).  The District Court denied the motion, but granted Transnation leave to file a second motion for attorney's fees "[s]hould Plaintiffs appeal the dismissal of the claims … or cause [Transnation] to incur further attorney's fees in this action." (*Order*, Dkt. 55 at 2-3).  Pointedly, the Court placed "Plaintiffs on notice that future complaints raising frivolous and meritless claims may subject Plaintiffs to being liable for defendants' attorneys' fees …" (*Id.*)

Despite the admonition from the Court, Plaintiffs filed a Motion for a Hearing (Dkt. 56) as well as a lengthy response to an already resolved motion to dismiss. (Dkt. 62).  In denying these two motions, Judge Lodge noted that Plaintiffs' actions were "precisely" what the Court warned Plaintiffs not to do; that is, "cause [Defendants to

incur further attorneys' fees in this action through frivolous filings." (*Order*, Dkt. 64 at 4). Likewise, Judge Lodge granted Defendants' leave to file an amended request for attorneys' fees, including fees incurred for defending Plaintiffs' frivolous motions.

Defendant Transnation now asserts that the Court should award it attorney fees because the action that Plaintiffs brought against Transnation was brought frivolously, unreasonably, and without foundation. (*Second Motion for Attorney Fees*, Dkt. 65). By way of summary, Transnation originally sought $8,013.50 for 38.7 hours of work in prevailing on their motion to dismiss. (*Affidavit*, Dkt. 48). Subsequently, it incurred an additional $1,209.50 for 5.9 hours in dealing with Plaintiffs post-dismissal motions. (Affidavit, Dkt. 66). Thus, Transnation seeks a total award of $9,223 for 44.6 hours of work. (*see Id*.) This represents an average billable rate of $207 an hour.

Rather than respond to the allegations made in Transnation's Motion for Attorneys' fees, Plaintiffs' Response is directed at the dismissal of his case. ((*Response*, Dkt. 67) ("Plaintiffs have alleged enough facts to state a claim [for] relief that is plausible on its face.")). The claims made in Plaintiffs response are not new, and will not be addressed again now.

## DISCUSSION

1.  **Motion to File Amended Complaint**

As a preliminary matter, Plaintiff seeks leave to file an Amended Complaint. (Dkt. 82). However, because it has already been determined Plaintiffs' claims are without merit, and Judgment (Dkt. 69) has been entered, this motion should be denied. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

**REPORT AND RECOMMENDATION - 3**

A pro se litigant should generally have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *Id*. A pro se pleading may be dismissed without an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*.

The Court dismissed Plaintiffs' complaint, for the principal reason that Plaintiffs had previously unsuccessfully litigated the same issues in a prior state court action. (*Orders*, Dkts, 46 & 54). On December 6, 2011, this Court put Plaintiffs on notice that the Court would award defendants their attorneys' fees should Plaintiffs continue to file frivolous pleadings with the Court (Dkt. 55).

Notwithstanding the dismissal, Plaintiffs have continued to file frivolous pleadings in this action. (Dkts. 46 and 54). Accordingly, Plaintiffs' motion to amend should be denied. Furthermore, the undersigned recommends that a final judgment be entered dismissing the action conclusively.

## 2.   Attorneys' Fees: Idaho Code § 12-121

An award of attorney fees under Idaho Code § 12-121 is a matter of right to the prevailing party only "when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Michalk v. Michalk*, 148 Idaho 224, 235 (2009). When deciding whether attorney fees should be awarded under I.C. § 12-121, the entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded. *Id.* Attorney fees are only appropriate under I.C. § 12–121 if the court finds "that the case was brought, pursued or defended frivolously, unreasonably

or without foundation." I.R.C.P. 54(e)(1). These circumstances do not exist "[i]f there is a legitimate, triable issue of fact or a legitimate issue of law...." *Kiebert v. Goss,* 144 Idaho 225, 228–29 (2007) (citing *Thomas v. Madsen,* 142 Idaho 635, 639 (2006)).

Plaintiffs have failed to show, or even argue, that their allegations have evidentiary and factual support which would preclude the imposition of attorney fees. Further, Plaintiffs have not shown that the facts in the instant matter would create a viable cause of action. Rather, the assertion that this cause of action is supported by any case law is disingenuous as the facts of this case are easily distinguishable. Simply put, none of the facts alleged by the plaintiffs support a cause of action under the well-established controlling case law. Moreover, Plaintiffs were warned that if they appeal the district court's dismissal or cause Defendants any further incurrence of attorney fees on defendants, they may be liable for those fees. In short, Judge Lodge has already determined that the action was brought without foundation. Accordingly, the imposition of attorneys' fees against Plaintiffs appears appropriate, and a reasonable award of attorneys' fees should be awarded to Defendant.

1. **Reasonableness of claimed fees**

Generally, attorney's fees are calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate–known as the "lodestar" calculation–and then, if necessary, making adjustments to the lodestar figure based upon the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.

975),[1] that have not been subsumed in the lodestar calculation. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008).

In defending against claims brought in Plaintiffs' original complaint, Transnation claims to have incurred $8,013.50 in attorneys' fees. (*Exhibit A to Gill Affidavit*, Dkt. 48). Transnation claims that four attorneys spent a combined 38.7 hours on the case, charging a rate of $205 - $225 per hour. (*Id.*). Transnation claims an additional $1,209.50 in responding to Plaintiffs' Rule 60 motion. (*Exhibit A to 2d Gill Affidavit*, Dkt. 66). Here, Transnation claims the fees of one attorney, Mr. Gill, for 5.9 hours at a $205 per hour rate. (*Id.*). In sum, Transnation seeks $9,223.00 in attorneys' fees. Specifically, the hours claimed were: (1) Attorney Clayton Gill, 34.7 hours at $205 per hour; (2) Attorney James Martin, 2.4 hours at $225 per hour; (3) Attorney Randall Peterman, 1.2 hours at $225 per hour; and (4) Attorney Tyler Anderson, .4 hours at $225 per hour.

Plaintiffs continue to dispute Defendants' claim that the action was brought without foundation, and instead reassert legal arguments already dispensed with by the district court as frivolous. (*Plaintiffs' Response*, Dkt. 67). Plaintiffs do not address the reasonableness of the claimed fees.

### A. *Hourly Rate*

---

[1] The twelve *Kerr* factors include: (1) the time and labor required; (2) the complexity of the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) similar awards.

**REPORT AND RECOMMENDATION - 6**

Reasonable attorney's fees under must be based upon a reasonable hourly rate. *See Hensley,* 461 U.S. at 433. The appropriate rate is the prevailing market rate "in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). "[T]he burden is on the fee applicant to produce satisfactory evidence in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff's counsel Clayton Gill has submitted two declarations in support of Transnation's petition for attorney's fees. (Dkts. 48 & 64). In his declaration, Gill states that he is "personally aware of the professional services rendered in this action," and that he is familiar with "the expertise of the professionals involved." (*Id.*) Gill states that he has been a member of the Idaho State Bar since 1994. (*Id.*).

Based on this information, the undersigned finds that the hourly rate of $205 per hour, for Gill, and $225 per hour, for Gill's associates is reasonable, and will use that rate in determining the lodestar figure. This finding is based upon the attorneys vast experience, and the prevailing rate in the community. Likewise, the Court will base the lodestar figure upon the hourly rate submitted by Transnation.

  **B.** *Hours Reasonably Expended*

Prevailing parties may only be compensated for those hours of work that were "reasonably expended." *See Hensley*, 461 U.S. at 433-34. The moving party bears the burden of establishing the hours claimed and must carry that burden by submitting

**REPORT AND RECOMMENDATION - 7**

adequate documentation of those hours. *Id*. at 437. The Court will not grant a fee award for "hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 433-34. It is well settled that a "plaintiff is entitled to recover attorney's fees even for claims on which she did not prevail, if they 'involve a common core of facts or are based on related legal theories.'" *Mendez*, 540 F.3d at 1125-26. Conversely, a plaintiff is not entitled to an award of fees for unsuccessful claims that were "unrelated to" the successful claims. *Hensley*, 461 U.S. at 434.

Gill states in his declarations that he and his colleagues "necessarily incurred" the claimed hours, 44.6 total, "in the prosecution and defense of the claims." (Dkts. 48 & 66). Plaintiffs do not address the number of hours claimed.

Having carefully reviewed and analyzed defense counsel's billing records, the Court concludes that the claimed hours of time spent are warranted. Transnation has supplied the Court with its billing records, which include specific notations of the amount of time spent on different segments of the case. Each entry on the billing statement appear reasonable considering the claimed task.

Frankly, having considered many requests for awards of attorneys' fees over a period of nearly three decades on the bench, Transnation's request here is perhaps the most reasonable such motion the undersigned has had the occasion to review.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Transnation's Motion for Attorney Fees (Dkt. 47) be GRANTED;

2) Transnation's Second Motion for Attorney Fees (Dkt. 65) be GRANTED;

**REPORT AND RECOMMENDATION - 8**

3)  Transnation be awarded $9,223.00 in reasonable attorneys' fees;

4)  Plaintiffs' Motion to File an Amended Complaint (Dkt. 82) be DENIED; and

5)  Final JUDGMENT be entered in this action.

DATED: January 11, 2013

/s/ Larry M. Boyle

Honorable Larry M. Boyle
U. S. Magistrate Judge

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 626(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.