UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RICHARD W. BREINHOLT AND
SUSAN L. BREINHOLT,

                Plaintiffs,

    v.

POPULAR WAREHOUSE LENDER;
TITLE ONE CORP d.b.a. PRIORITY
FINANCIAL INC dba PRIORITY
FUNDING, TRANSNATION TITLE &
ESCROW; ONEWEST BANK;
INDYMAC FEDERAL BANK;
MORTGAGE ELECTRONIC
REGISTRATION SERVICES (MERS);
TRI-COUNTY PROCESS SERVING;
PIONEER LENDER TRUSTEE
SERVICES LLC dba; REGIONAL
TRUSTEES SERVICES CORP; ADA
COUNTY SHERIFF, and Deputies;
TONYA REEVES, escrow officer,
Fidelity National Title Company of
Idaho; PETER FROST, Indymac Federal
Bank, Loss, Mitigation; EDWARD
CHOI, Regional Trustee Services;
ERICA JOHNSON-SECK, vice
president; OneWest Bank; BECKY
NORTH, vice president MERS and
INDYMAC FEDERAL BANK;
UNKNOWN 1-TO-20 JOHN&JANE
DOES,

                Defendants.

Case No. 10-cv-00587-EJL

**ORDER ADOPTING REPORT AND
RECOMMENDATION**

**INTRODUCTION**

On January 11, 2013, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that Defendant's Motions for Attorney Fees be granted and Plaintiffs' Motion to File an Amended Complaint be denied. (Dkt. 83.) Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1) and District of Idaho Local Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiffs filed objections challenging the Report and Recommendation arguing: 1) their case clearly states a claim and was not frivolous, unreasonable, or without foundation, 2) the jurisdiction question has not been answered, and 3) the dismissal was improper. (Dkt. 84.) The Court has considered the Plaintiffs' contentions and conducted a *de novo* review of the record and finds as follows.

**DISCUSSION**

Having reviewed the parties' motions, briefing, and the entire record in these matters, the Court finds the Report has correctly decided the Motions for Attorney Fees and Motion to File Amended Complaint. (Dkt. 83.) The arguments raised by the Plaintiffs

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

in their objections are the same as those previously considered by this Court. Essentially, the Plaintiffs challenge the underlying dismissal of this action. Those arguments have been fully and finally litigated in this case. (Dkt. 46, 64, 80.)

As to the request for attorney fees, Defendants Transnation Title and Escrow, Inc. and Tri-County Process Serving LLC filed Motions for Attorney Fees following the Court's Order granting their Motions to dismiss. (Dkt. 47, 51.) At that time, Transnation sought recovery of $8,013.50 in attorney fees incurred for having to defend against the action filed by the Plaintiffs. (Dkt. 47.) The Court denied that initial Motion without prejudice but cautioned that:

> Should Plaintiffs appeal the dismissal of the claims against Transnation or Tri-County or cause either of them to incur further attorney fees in this action, Transnation and Tri-County are granted leave to file second motions for attorney fees. Additionally, the Court puts Plaintiffs on notice that future complaints raising frivolous and merit less claims may subject Plaintiffs to being liable for defendants' attorney fees in defending such actions.

(Dkt. 55.) Two months later, Plaintiffs filed a Motion for Hearing to Determine the Court's Jurisdiction pursuant to Federal Rule of Civil Procedure 60(b) and a response to Transnation's Motion to Dismiss. (Dkt. 56, 62.) Both Defendants renewed their previously filed Motions for Attorneys' Fees. (Dkt. 47, 57, 58.) The Court issued an Order denying the Plaintiff's Rule 60(b) Motion and denying without prejudice the renewed Motions for Attorneys' Fees. (Dkt. 64.) In that Order, the Court gave further instructions to the parties concerning the attorneys' fees motions. (Dkt. 64.) Defendant Transnation then filed its Second Motion for Attorney Fees requesting an additional

$1,209.50 in fees to which Plaintiffs have now responded. (Dkt. 65, 67.)[1] The Plaintiffs

have since then also filed a Motion to Set Aside Judgment and related briefing, an

Amended Complaint, certain Notices, and a Motion to File Amended Complaint. (Dkt.

70, 74, 75, 76, 78.)  Defendants have had to respond to these filings.[2] Based on this

record, the Court finds the Magistrate Judge accurately captured the underpinnings of this

case in resolving the Motion and recommending an award of attorney fees to the

Defendant Transnation in the amount of $9,223.00. (Dkt. 83.)

     The Magistrate Judge properly recognized that the award of attorney fees in this

case stems from Idaho Code § 12-121 which states:

> In any civil action, the judge may award reasonable attorney's fees to the
> prevailing party or parties, provided that this section shall not alter, repeal
> or amend any statute which otherwise provides for the award of attorney's
> fees. The term "party" or "parties" is defined to include any person,
> partnership, corporation, association, private organization, the state of Idaho
> or political subdivision thereof.

Idaho Code § 12-121. "An award of attorney fees may be granted under I.C. § 12–121...to

the prevailing party and such an award is appropriate when the court is left with the

abiding belief that the appeal has been brought or defended frivolously, unreasonably, or

without foundation." *Kafader v. Baumann*, 290 P.3d 236, 240 (Idaho App. 2012) (citation

omitted); *see also Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009).

     Here, the Court cautioned Plaintiffs that they may be subject to paying the

Defendants' attorney fees if they pursued frivolous claims. (Dkt. 55.) As detailed above,

Plaintiffs continued to cause the Defendant to incur additional attorney fees on these

---

[1] Tri-County has not filed a similar second Motion for Attorney Fees.
[2] The Court denied the Motion to Set Aside Judgement. (Dkt. 80.)

claims even after the Court had ruled upon the same. Accordingly, the Court finds it appropriate to grant Transnation's Motions for Attorney Fees as they are a prevailing party in this action and the Plaintiffs frivolously and unreasonably pursued this action without foundation. Idaho Code § 12-121; *see also Indian Springs L.L.C. v. Anderson*, No. 38369-2010, 2012 WL 4055340, at *7 (Idaho Sept. 14, 2012) ("Pro se litigants are not accorded any special consideration simply because they choose to represent themselves....") (citations omitted). Furthermore, the Court finds there was no "legitimate, triable issue of fact or a legitimate issue of law..." precluding entry of attorney fees in this case. *Vierstra v. Vierstra*, 292 P.3d 264, 272 (Idaho 2012) (citing *Kiebert v. Goss*, 159 P.3d 862, 865 (Idaho 2007).

In reviewing the requested attorney fees, the Court finds the attorney fees sought are reasonable. The amount of fees is calculated based on 44.6 total hours of work at an average billing rate of $207 per hour. (Dkt. 83 at 3.) This Court is in agreement with Judge Boyle's analysis and recommendation in terms of the calculation of the number of hours and the adjustment in the hourly rates charged and adopts the same.

In sum, having conducted a *de novo* review of the Report, the record herein, and for the reasons stated in the Report, this Court finds that Magistrate Judge Boyle's Report is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Boyle, and this Court being fully advised in the premises, the Court agrees with Magistrate Judge Boyle's conclusions and will adopt the same.

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

In addition, the Court is in agreement with the recommendation that the Plaintiffs'
Motion to File an Amended Complaint be denied. Federal Rule of Civil Procedure 15(a)
provides that after responsive pleading has been filed, a party may amend their pleading
only by leave of the court or written consent of the adverse party. Such leave should
freely be given when justice so requires. Fed. R. Civ. P. 15(a)(2). "Liberality in granting a
plaintiff leave to amend is subject to the qualification that the amendment not cause
undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally,
the district court may consider the factor of undue delay." *Bowles v. Reade*, 198 F.3d 752,
757-58 (9th Cir. 1999) (citation omitted). Because any amended claim in this case would
be futile, the Motion is denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1)      The Report and Recommendation entered on January 11, 2013, (Dkt. 83) is
**INCORPORATED** by reference and **ADOPTED**.

2)      Defendant's Motions for Attorney Fees (Dkt. 47, 65) are **GRANTED**.
Defendant is awarded attorney fees in the amount of $9,223.00.

3)      Plaintiffs' Motion to File an Amended Complaint (Dkt. 82) is **DENIED**.

DATED:  **March 4, 2013**

Honorable Edward J. Lodge
U. S. District Judge